## STATE OF WEST VIRGINIA

### SUPREME COURT OF APPEALS

**FILED**

April 6, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**HUNTINGTON ALLOYS CORPORATION,**
**Employer Below, Petitioner**

**vs.)    No. 13-1293** (BOR Appeal No. 2048498)
(Claim No. 2011040035)

**TIM A. TRACY,**
**Claimant Below, Respondent**

### MEMORANDUM DECISION

Petitioner Huntington Alloys Corporation, by Steven K. Wellman, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Tim A. Tracy, by Cathy L. Greiner, his attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 20, 2013, in which the Board affirmed a June 6, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's January 22, 2012, decision to award 2% permanent partial disability and awarded 3% more permanent partial disability for a total of 5% permanent partial disability related to the June 7, 2011, compensable injury. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Tracy, an employee of Huntington Alloys Corporation, injured his shoulder when he moved a heavy tank that was over his head on June 7, 2011. Mr. Tracy then had a right shoulder arthroscopy with arthroscopic acromioplasty and bursectomy performed by Stanley S. Tao, M.D. On follow-up after the surgery, Dr. Tao found that Mr. Tracy had right shoulder flexion range of motion of 175 degrees and extension of 65 degrees. Mr. Tracy filed a claim for workers' compensation benefits and his claim was held compensable for a shoulder sprain. Thereafter, Mr.

1

Tracy reported to Marsha Bailey, M.D., for an independent medical examination. Dr. Bailey opined that Mr. Tracy had reached his maximum degree of medical improvement. Dr. Bailey believed that a significant portion of Mr. Tracy's ongoing complaints are a result of his degenerative joint disease, which is unrelated to the compensable injury. Based upon the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), she recommended 3% upper extremity impairment for 135 degrees of flexion. She recommended an additional 3% upper extremity impairment for 117 degrees of right shoulder abduction deficit. Dr. Bailey found no upper extremity impairment for internal rotation based upon a finding of 90 degrees. That equated to 6% upper extremity impairment which converted to 4% whole person impairment. Dr. Bailey then apportioned half of the disability rating to his preexisting degenerative joint disease of his shoulder. As a result, Dr. Bailey found a total of 2% whole person impairment related to the compensable injury. The claims administrator awarded Mr. Tracy 2% permanent partial disability based on Dr. Bailey's report. The claimant protested.

Mr. Tracy reported to Prasadarao B. Mukkamala, M.D., for an independent medical evaluation. Dr. Mukkamala opined that Mr. Tracy had reached his maximum degree of medical improvement. Dr. Mukkamala reported he has 160 degrees of flexion for 1% upper extremity impairment; 150 degrees of abduction for 1% upper extremity impairment; and 70 degrees of internal rotation for 1% upper extremity impairment. This resulted in 3% total upper extremity impairment, which equated to 2% whole person impairment. Dr. Mukkamala opined that apportionment for previous symptomatology was unnecessary. Mr. Tracy also reported to Bruce Guberman, M.D., for an independent medical evaluation. The impression was chronic post-traumatic strain of the right shoulder. Dr. Guberman opined that Mr. Tracy had reached his maximum degree of medical improvement. Dr. Guberman measured 140 degrees in flexion of the right shoulder and assigned 3% upper extremity impairment. Dr. Guberman then measured 120 degrees in abduction of the right shoulder and assigned 3% upper extremity impairment. Dr. Guberman then measured 60 degrees in internal rotation of the right shoulder and assigned another 2% in upper extremity impairment. The 8% upper extremity impairment equated to 5% whole person impairment. Dr. Guberman opined that Mr. Tracy did not have any symptoms or impairment in his right shoulder before, and therefore, he did not apportion any of the whole person impairment to preexisting conditions.

The Office of Judges determined that Mr. Tracy was entitled to a 5% permanent partial disability award related to his June 7, 2011, compensable injury. The Office of Judges refused to accept Dr. Tao's range of motion measurements because his measurements were not in alignment with the formal evaluations performed by Dr. Bailey, Dr. Mukkamala, or Dr. Guberman. Dr. Mukkamala, Dr. Bailey, and Dr. Guberman all found less range of motion than Dr. Tao. Furthermore, the Office of Judges noted that Dr. Tao's exam was performed three months after the injury when symptoms still could have been present, whereas the other reports were completed six months, eight months, and eighteen months after the injury. The Office of Judges noted that in regard to flexion and abduction measurements Dr. Guberman and Dr. Bailey were consistent in their reports and found 3% upper extremity impairment for each measurement. In regard to impairment for internal rotation, the Office of Judges determined that since Dr. Mukkamala and Dr. Guberman found very similar measurement, while Dr. Bailey did not, that Dr. Guberman's report was persuasive. The Office of Judges then determined that apportionment

2

was not appropriate because both Dr. Guberman and Dr. Mukkamala agreed that it was not necessary. As a result, the Office of Judges determined that, since Dr. Guberman properly accounted for all of the range of motion deficits and did not apportion, his report more closely followed the American Medical Association's *Guides.* Accordingly the Office of Judges reversed the claims administrator's award of 2% permanent partial disability and granted an extra 3% permanent partial disability for a total of 5% permanent partial disability. The Board of Review adopted the findings of the Office of Judges and affirmed its conclusion.

We agree with the findings of the Office of Judges and conclusions of the Board of Review. Dr. Guberman's report represents the best assessment of the disability related to Mr. Tracy's June 7, 2011, shoulder injury. In regard to apportionment, Dr. Guberman and Dr. Mukkamala agree that it is not necessary, while Dr. Bailey apportioned. Dr. Bailey apportioned because of existing degenerative joint disease of the shoulder. However, there is no evidence in the record that demonstrates with any certainty that Mr. Tracy suffered from degenerative joint disease of the shoulder. As a result, the Office of Judges was within its discretion when it found Dr. Guberman's and Dr. Mukkamala's reports to be more persuasive. In regard to the flexion and abduction measurements, Dr. Guberman and Dr. Bailey came out with almost identical results, while Dr. Mukkamala did not. In regard to the internal rotation measurements, Dr. Guberman and Dr. Mukkamala reached almost identical results, while Dr. Bailey did not. Given that Dr. Guberman's report represents the most consistent range of motion determinations for each of the measurements and he found that no apportionment was necessary, it was not in error for the Office of Judges to rely on his impairment rating recommendation.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   April 6, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3